UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO PABLO,<br><br>    Petitioner,<br><br>    v.<br><br>MARTIN BITTER, Warden,<br><br>    Respondent.<br>_____ / | No. C-13-0627 EMC (pr)<br><br>**ORDER TO SHOW CAUSE** |

## I.    INTRODUCTION

Petitioner, an inmate at the Kern Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.    BACKGROUND

Petitioner was convicted in Monterey County Superior Court of kidnapping for purposes of robbery, kidnapping to facilitate carjacking, carjacking, second degree robbery, possession of a loaded firearm, and participation in a criminal street gang. *See People v. Rico et al.*, 2011 WL 5910073, * 1 (Cal. Ct. App. 2011) Sentence enhancement allegations were found true. *Id.* Petitioner was sentenced to 25 years to life in prison. He appealed. The California Court of Appeal affirmed the conviction in 2011 and the California Supreme Court denied the petition for review in 2012. Petitioner then filed this action.

### III.  DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

The petition alleges the following claims: (1) Petitioner's Sixth and Fourteenth Amendment rights to an impartial jury and a fair trial were violated when the trial court denied his motion for new trial that was made on the grounds of juror misconduct; (2) "the trial court erred in denying petitioner Pablo's motion for a new trial based on juror misconduct," Docket # 1, p. 14; and (3) cumulative error.  Liberally construed, these claims are cognizable in a federal habeas action.

### IV.  CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **June 28, 2013**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **July 26, 2013**.

5. Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

7. Petitioner's *in forma pauperis* application is GRANTED. (Docket # 2.)

IT IS SO ORDERED.

Dated: April 23, 2013

_____
EDWARD M. CHEN
United States District Judge

3